IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRANE MERCHANDISING SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> NEWZOOM, LLC, BEST BUY STORES, L.P., BENEFIT COSMETICS LLC, and MACY'S, INC. <br><br> Defendants. | C.A. No. 17-1000-MN |

## CRANE MERCHANDISING SYSTEMS, INC.'S NOTICE OF RULE 30(b)(6) DEPOSITION OF NEWZOOM, LLC

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Crane Merchandising Systems, Inc. ("Crane") will take the deposition upon oral examination of a designated representative or representatives of Defendant NewZoom, LLC ("NewZoom" or "Defendant") before a Notary Public or other officer authorized by law to administer oaths at a date, location, and time as the parties shall agree. The deposition will be recorded by audiovisual and stenographic means and will continue from day to day until completed.

PLEASE TAKE FURTHER NOTICE that the matters upon which the representative or representatives will be deposed include those set forth in the attached Schedule A. NewZoom has a duty to designate one or more officers, directors, managing agents or other persons to testify concerning information known or reasonably available to it regarding the matters listed in the attached Schedule A. NewZoom is requested to provide Crane with written notice, at least seven (7) days in advance of the deposition, of: (a) the name and employment position of each designee

who has consented to testify on NewZoom's behalf in response to this Notice; and (b) with respect to each designee, the matter(s) set forth in Schedule A on which the designee will testify.

You are invited to attend and cross-examine the witness(es).

Dated: May 24, 2019

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Samantha G. Wilson*
Adam W. Poff (No. 3990)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
apoff@ycst.com
swilson@ycst.com

*Attorneys for Plaintiff/Counterclaim Defendant Crane Merchandising Systems, Inc.*

**OF COUNSEL:**

Jamil N. Alibhai (admitted *pro hac vice*)
William A. Munck
Jennifer D. Jasper
Sarah J. Lopano
Chad J. Ray (admitted *pro hac vice*)
Chase A. Cobern (admitted *pro hac vice*)
MUNCK WILSON MANDALA, LLP
600 Banner Place Tower
12770 Coit Road
Dallas, TX 75251
(972) 628-3600

# SCHEDULE A

## DEFINITIONS

The Definitions set forth below apply to each of the topics specified below.

1. "**Defendant**," "**NewZoom**," "**you**," or "**your**" means Defendant NewZoom, LLC, its subsidiaries foreign or domestic, affiliates, divisions, successors, all predecessors and acquired entities, including all assets or companies that have been acquired by Defendant, or with respect to which Defendant has succeeded to rights or obligations and any other related entity of Defendant, and all of Defendant's present or former officers, directors, partners, associates, employees, staff members, agents, representatives, (including counsel for Defendant) and other persons acting on behalf of, or who are subject to the direction of Defendant.

2. "**Retail Defendants**" means Best Buy Stores, L.P., Benefit Cosmetics LLC, and Macy's, Inc.

3. "**Plaintiff**" or "**Crane**" means Plaintiff Crane Merchandising Systems, Inc.

4. "**'180 Patent**" refers to United States Patent No. 6,328,180 CI.

5. "**'068 Patent**" refers to United States Patent No. 8,484,068 B2.

6. "**'370 Patent**" refers to United States Patent No. 6,758,370 B2.

7. "**Crane Patents**" means the '180 Patent and the '068 Patent.

8. "**NewZoom Patent**" means the '370 Patent.

9. "**Related Patent**" or "**Related Patents**" means all U.S. patents, non-U.S. patents and patent applications, including, without limitation, any U.S. patent, non-U.S. patent, continuation, continuation-in-part, divisional, reexamination, reissue, or counterpart patent or patent application that shares all or substantially all of its specification with the NewZoom Patent or claims priority to the NewZoom Patent or from which the NewZoom Patent claims priority.

10. "**Accused NewZoom Products**" means all products identified in Crane's Disclosure of Crane Patents and Accused Products.

11. "**Accused Crane Products**" means all products identified in NewZoom's Disclosure of Crane Patents and Accused Products.

12. "**Sale**," "**sales**," and "**sold**" mean providing or otherwise making available, including, without limitation, through consignment, lease, rental, or joint venture, a product or service, whether the product or service is individually sold or part of a larger product or service offering.

13. The term "**person**" or "**persons**" includes natural persons, groups of natural persons acting in a collegial capacity (*e.g.*, a committee or council), corporations, partnerships, associations, joint ventures, and any other incorporated or unincorporated business, governmental, public, social, or legal entity. A reference to any person or entity shall include, when applicable, its past and present parent and subsidiary companies, partners, general partners, limited partners, joint venturers, controlled persons, controlling persons, shareholders, officers, directors, employees, servants, agents, representatives, principals, privies, or other persons acting on its behalf or subject to its control.

14. "**relating**," "**relate**," "**concern**," or "**concerning**" means referring to, containing, embodying, commenting upon, identifying, incorporating, summarizing, mentioning, having any relationship to, pertaining to, evidencing, constituting evidence, or is otherwise pertinent to any aspect of the subject matter of the request.

15. "**Document**" or "**documents**" is defined to be synonymous in meaning and equal in scope with the broadest usage of this term in the Federal Rules of Civil Procedure, and specifically includes electronically stored information including e-mails, writings, drawings,

graphs, charts, photographs, sound recordings, images, computerized databases, and other data or data compilations stored in any medium from which information can be obtained. The term "document" includes, without limitation, any written, recorded, graphic, or printed matter, in whatever form, whether printed and/or produced by hand or any other process and specifically includes (1) all originals, copies, or drafts, and (2) all originals, copies, or drafts on which appear any marks, notations, notes, or writings placed thereon after the document was first created, printed, typed, or recorded, however produced or reproduced.

16. "**Communication**" or "**communications**" includes any transfer or exchange between two or more persons of any information, whether by written, electronic, computer, or oral means, including, but not limited to, conversations, meetings, telephone calls, correspondence, e-mails, internet communications, faxes, telegrams, telexes, text messages, voicemails, cables, and/or memoranda.

17. The term "**things**" refers to any physical specimen or tangible item in the possession, custody, or control of you.

18. The term "**this lawsuit**" refers to the above-captioned lawsuit, as may be amended and/or supplemented, including all claims, counterclaims, defenses, and affirmative defenses filed in that cause.

## TOPICS

1. The factual bases underlying Defendant's contentions concerning the alleged invalidity and/or unenforceability of the Crane Patents.

2. The factual bases underlying Defendant's contention that the Accused NewZoom Products do not infringe the Crane Patents.

3. The identity of each model, version, or upgrade of each of the Accused NewZoom Products.

4. The structure, function, and operation of each Accused NewZoom Product.

5. The structure, function, and operation of the source code and/or software related to each Accused NewZoom Product.

6. The identity, location, custodian, and creation of documents concerning the design, development, and programming/coding of each Accused NewZoom Product, including, but not limited to, source code and/or software, product specifications, block diagrams, system diagrams, high level architecture documents, functional diagrams, and flow charts.

7. The identity of any third party involved in the design, development, and programming/coding of the Accused NewZoom Products and the nature and extent of any third party's involvement.

8. The identity, location, and custodian of all software and/or source code authored or otherwise provided by third parties for use in the Accused NewZoom Products.

9. The conception, design, creation, and/or testing of the Accused NewZoom Products, including software and/or source code related to the Accused NewZoom Products.

10. The development, modification, manufacturing, and/or engineering of the Accused NewZoom Products, including software and/or source code related to the Accused NewZoom Products.

11. Communications between Defendant and any third party concerning the Crane Patents, Crane, or the current lawsuit, including with regard to source code and/or software or technical documentation and any related design-around efforts.

12. Sales forecasts, sales projections, or market analyses concerning any Accused NewZoom Product.

13. Defendant's first sale, offer for sale, or use of each Accused NewZoom Product.

14. For each of the Accused NewZoom Products, any analysis, review, or comparative assessment of the market for the Accused NewZoom Products including what feature(s) create or drive customer demand for the Accused NewZoom Products.

15. The advantages of the Accused NewZoom Products over older models or systems used or sold by Defendant.

16. The key features (and commercial appeal) of the Accused NewZoom Products and advantages over prior technologies.

17. Defendant's current manufacturing facilities that are used to produce infringing products, including current and historical capacity and capacity utilization levels.

18. Defendant's patent or technology licensing policies and/or practices.

19. All intellectual property assigned to Defendant relating to the Accused NewZoom Products, including the identity of the inventors and/or assignors, the date(s) of assignment.

20. The ownership, assignment, and/or acquisition of the NewZoom Patent.

21. Defendant's company structure, ownership, control, and financial condition during all periods of alleged infringement.

22. Defendant's prior experience with claims of patent infringement as a plaintiff, defendant, licensor, or licensee.

23. Any alleged non-infringing alternative designs.

24. All technology licenses or agreements entered into in the last ten years to which Defendant is a party, relating to the design and/or development of the Accused NewZoom Products, including the identity of the parties, the subject matter of the license or agreement, the products covered by the license or agreement, the technology covered by the license or agreement, and the terms of the license or agreement.

25. Information on the circumstances surrounding the negotiations of any license agreements (*e.g.*, pursuant to litigation).

26. The identity of persons who, on Defendant's behalf, were involved in and/or responsible for licensing relating to Accused NewZoom Products for any product/application.

27. For each product sold or offered for sale in the United States in connection with or enabled by the sale or operation of the Accused NewZoom Products, for each year from date of first sale to the present, (a) the number of units of each such product sold, (b) the revenues for each product sold, (c) the cost of goods sold for each product sold, (d) all other expenses for each product sold, and (e) the profit margin (as a percentage of net revenues) before taxes for each product sold.

28. Defendant's gross revenue annually since July 1, 2011 relating to the Accused NewZoom Products.

29. Defendant's costs annually since July 1, 2011 relating to the Accused NewZoom Products.

30. The commercial success and current popularity of the Accused NewZoom Products.

31. For each of the Accused NewZoom Products made, offered for sale, or sold in the United States, for each year from date of first sale to the present, (a) whether the sales of Accused NewZoom Products has led to convoyed sales, including any product or service whose sale is driven, in whole or in part, by the sale of an Accused NewZoom Product, and if so (b) the identity of the convoyed products and the dollar amount and profitability of such convoyed sales.

32. The promotion, advertisement, offering for sale or lease, and marketing of the Accused NewZoom Products.

33. Any presentations or articles that Defendant authored concerning the Accused NewZoom Products.

34. For all ZoomShops, including the ZoomShop R1, (i) the identity of each NewZoom customer in the United States; (ii) each such customer's name and location; (iii) the total annual sales to each such customer; and (iv) the terms of each contract or agreement under which NewZoom provides the ZoomShop to each such customer.

35. All financial or business projections and forecasts (*e.g.*, sales, costs and market share projections or forecasts) regarding the Accused NewZoom Products, including products using one or more Accused NewZoom Products and the identity, location, custodian, and foundation of all documents related thereto.

36. For each of the Accused NewZoom Products, information on other products or services that are offered along with the Accused NewZoom Products.

37. The training, education, instruction, technical support, or informing of customers or prospective customers on the features, use, or operation of the Accused NewZoom Products, including, without limitation, the materials used or generated and persons and/or groups or organizations responsible for such activities.

38. The existence and terms of any indemnification agreements or request for indemnification concerning the Accused NewZoom Products or this lawsuit.

39. For each of the Accused NewZoom Products, the identity of the products and companies that compete with them, the market which they are part of, and the market share of the competitors in the market; and the foundation, interpretation, and use of documents that discuss, refer to, or evince any of the foregoing.

40. The date and circumstances under which Defendant first became aware of the existence of the Crane Patents.

41. Any opinion of counsel (whether oral or written) with respect to the Crane Patents, and the foundation of documents that discuss, refer to, or evidence the same.

42. Defendant's knowledge of the Crane Patents and any efforts to analyze or assess possible infringement or non-infringement by the Accused NewZoom Products, including any efforts to design around any claims or claim elements of the Crane Patents, or other possible defenses to infringement.

43. The conception, reduction to practice, design, development, evaluation, formulation, manufacturing, testing, engineering, research, and/or modification of the claimed invention disclosed in the NewZoom Patent, including identification of all prototypes or products that you contend embody any claims of the NewZoom Patent.

44. Inventorship of the NewZoom Patent or Related Patents, including the specific contribution of each inventor to the claims of the NewZoom Patent or Related Patents.

45. The preparation for and prosecution of the patent applications leading to the issuance of the NewZoom Patent or any of the Related Patents.

46. Defendant's negotiations and communications with third parties related to the NewZoom Patent.

47. Any prior art search and the results from any search conducted by Defendant related to the NewZoom Patent.

48. All settlement or license agreements related to the technology covered by the NewZoom Patent, including the circumstances under which such agreements were entered.

49. Offers to sell or license the NewZoom Patent.

50. Defendant's first awareness of the Accused Crane Products, or of any of Crane's products, which form the basis for the allegations of infringement of the NewZoom Patent.

51. All testing, investigations, measurements, or analyses of the Accused Crane Products, or of any products made or sold by Crane or Crane's competitors, to determine whether any of them infringe the NewZoom Patent.

52. Each instance in which Defendant, or any person acting for or on behalf of Defendant, examined, inspected, analyzed, tested, disassembled, and/or reverse engineered any feature, component, design, and/or operational characteristic of any of the Accused Crane Products, or of any products made or sold by Crane or Crane's competitors, and for each such instance, the identity of persons involved, when it occurred, and where it occurred.

53. Defendant's purchases of any products from Crane.

54. Any efforts Defendant took before filing this lawsuit to analyze or investigate (i) whether the Accused Crane Products, or any of Crane's products, infringe (or do not infringe) any claim of the NewZoom Patent and (ii) the validity and/or enforceability the NewZoom Patent.

55. Any valuation of the NewZoom Patent or Related Patents, including, but not limited to, the pricing of the NewZoom Patent or Related Patents for any patent ownership transfer or potential patent ownership transfer.

56. Any products that you allege implement the alleged inventions of the NewZoom Patent or any Related Patents.

57. Any use, demonstration, offer for sale, sale, or importation of any product or prototype that implemented or was planned to implement the alleged inventions of the NewZoom Patent or any Related Patents, including, but not limited to, any uses, demonstrations, offers for sale, or sales before the filing date of the NewZoom Patent.

58. Revenue and profit from the sales of any product that implemented or was planned to implement the alleged inventions of the NewZoom Patent or any Related Patents, including, but not limited to, any offers for sale or sales before the filing date of the NewZoom Patent.

59. Marketing and sales information from the sales of any product that implemented or was planned to implement the alleged inventions of the NewZoom Patent or any Related Patents, including, but not limited to, any offers for sale or sales before the filing date of the NewZoom Patent.

60. Any analysis or evaluation of the advantages or disadvantages of the alleged inventions of the NewZoom Patent and Related Patents, including, but not limited to, any decision to implement or not to implement the alleged inventions.

61. Any awards, praises, comments, complaints, criticisms, or feedback from any entity or individual related to the subject matter of the NewZoom Patent or Related Patents.

62. The first disclosure of the subject matter of the NewZoom Patent or Related Patents to any individual or entity.

63. Patent marking of Defendant's products, or the products of any third party having a license to the NewZoom Patent or Related Patents, or using or practicing the alleged invention covered by the subject matter of the NewZoom Patent or Related Patents.

64. All recovery to which Defendant claims it is entitled as a result of the allegations in its Counterclaims, including in particular the basis for the amount of any damages, royalty or other monetary or non-monetary recovery Defendant seeks, the base to which a royalty rate should apply, the method by and theory under which Defendant reaches the calculation of any such recovery, and a detailed identification of the supporting factors claimed to support such recovery.

65. All current and former ownership interests in the NewZoom Patent or Related Patents, and all agreements and negotiations related to those ownership interests and/or changes in ownership interest.

66. The management of Defendant's patent portfolio, including. but not limited to, the acquisition of patents and patent applications, divestment of patents, patent prosecution, maintenance fees, and licensing.

67. Any legal dispute or proceeding concerning the NewZoom Patent or Related Patents, including any court actions, arbitrations, or mediations.

68. Any indicia of non-obviousness of the alleged inventions disclosed in the NewZoom Patent or Related Patents, including commercial success, long-felt but unresolved need, copying, skepticism by experts, praise by others, teaching away by others, recognition of a problem, and unsuccessful attempts by others to solve the relevant problem.

69. Business plans, licensing plans, strategy plans, or other similar documents related to the NewZoom Patent.

70. Any financial interest by any third party in the outcome of this litigation or any revenue derived by Defendant from the NewZoom Patent.

71. All agreements between Defendant and any third party regarding participation or assistance in this litigation or in Defendant's efforts to license the NewZoom Patent.

72. The background and qualifications of the person or persons who will testify on Defendant's behalf regarding the preceding matters.

73. The identity, location, custodian, and foundation of all documents relating to each of topics 1 through 72, and the identity of each person or persons most knowledgeable concerning each of topics 1 through 72.


01:24534485.1

**CERTIFICATE OF SERVICE**

I, Samantha G. Wilson, hereby certify that on May 24, 2019, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Denise Seastone Kraft, Esq.
Brian A. Biggs, Esq.
Erin E. Larson, Esq.
DLA Piper LLP (US)
1201 North Market Street, Suite 2100
Wilmington, DE 19801
Denise.kraft@dlapiper.com
Brian.biggs@dlapiper.com
Erin.larson@dlapiper.com

-and-

Andrew P. Valentine, Esq.
Blake Jackson, Esq.
Krista Celentano Grewal, Esq.
Timothy W. Lohse, Esq.
DLA Piper LLP (US)
2000 University Avenue
East Palo Alto, CA 94303
andrew.valentine@dlapiper.com
blake.jackson@dlapiper.com
krista.grewal@dlapiper.com
Timothy.Lohse@dlapiper.com

*Attorneys for NewZoom, LLC, Best Buy Stores, L.P.,
Benefit Cosmetics LLC, and Macy's, Inc.*

I further certify that on May 24, 2019, I caused a copy of the foregoing document to be served by e-mail on all counsel of record.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Samantha G. Wilson*
Adam W. Poff (No. 3990)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
apoff@ycst.com
swilson@ycst.com

Dated: May 24, 2019 　　　　　　　　　　*Attorneys for Plaintiff Crane Merchandising Systems, Inc.*

23384816.1