IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
DELAWARE

| | |
|---|---|
| CRANE MERCHANDISING SYSTEMS, INC.,<br><br>    **Plaintiff,**<br><br>vs.<br><br>NEWZOOM, LLC, BEST BUY STORES, L.P., BENEFIT COSMETICS LLC, and MACY'S, INC.,<br><br>    **Defendants.** | **C.A. No. 17-1000-MN**<br><br>**JURY TRIAL DEMANDED** |

## AMENDED SCHEDULING ORDER

1.    <u>Prior Agreements</u>.    The parties incorporate by reference their various agreements regarding, *e.g.*, discovery limits set forth in the Amended Joint Status Report dated June 15, 2018 (D.I. 35).  Unless set forth herein, nothing in the Amended Scheduling Order is intended to supersede such agreements.

2.    <u>Papers Filed Under Seal</u>. In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

3.    <u>Courtesy Copies</u>. The parties shall provide to the Court two (2) courtesy copies of all briefs and any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

4. <u>Disclosures</u>.

(a) Reliance Upon Advice of Counsel. Defendants shall inform Plaintiff whether they intend to rely on advice of counsel as a defense to willful infringement no later than June 28, 2019. If Defendants elect to rely on advice of counsel as a defense to willful infringement Defendants shall produce any such opinions on which they intend to rely to Plaintiff no later than July 12, 2019.

(b) By **September 12, 2019**, Plaintiff[1] shall provide final infringement contentions.

(c) By September 26, 2019, Defendant shall provide final invalidity contentions.

5. <u>Discovery</u>. Unless otherwise ordered by the Court or agreed to by parties, the limitations on discovery set forth in the Federal Rules shall be strictly observed.

(a) <u>Discovery Cut Off</u>. All fact discovery in this case shall be initiated so that it will be completed on or before **October 4, 2019**.

(b) <u>Disclosure of Expert Testimony.</u>

i. <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **October 24, 2019**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **November 21, 2019**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. All expert discovery will be completed by

---

[1] As used herein, "Plaintiff" shall refer to the patentee and "Defendant" shall refer to the accused infringer(s).

**December 18, 2019**.

        i.        <u>Expert Report Supplementation</u>. The parties agree they [**will not**] permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions).

        ii.        <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein and briefing shall proceed on the parties' agreed-upon schedule for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

        (d)        <u>Discovery Matters and Disputes Relating to Protective Orders.</u>

        i.        Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

        ii.        Should counsel find, after a reasonable effort pursuant to D. Del. L.R. 7.1.1. that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Judicial Administrator to schedule an argument.

        iii.        On a date to be set by separate order, generally not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but generally not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to

exceed three (3) pages, outlining that party's reasons for its opposition.

            iv.      The parties shall provide to the Court two (2) courtesy copies of its discovery letter and any other document filed in support of any letter (*i.e.*, appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

            v.      Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the conference and will, in that event, cancel the conference.

      6.      <u>Motions to Amend / Motions to Strike</u>.

      (a)      Any motion to amend (including a motion for leave to amend) a pleading or any motion to strike any pleading or other document shall be made pursuant to the discovery dispute procedure set forth in Paragraph 5(d), above.

      (b)      Any such motion shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading or attach the document to be stricken.

      7.      <u>Supplementation</u>. Absent agreement among the parties, and approval of the Court, no later than **August 8, 2019**, the parties must finally supplement, *inter alia,* the identification of all accused products and of all invalidity references.

      8.      <u>Case Dispositive Motions</u>.

      (a)      All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **January 9, 2020.** Answering briefs shall be served and filed on or before **January 30, 2020.** Reply briefs shall be served and filed on or before **February 13, 2020.** Briefing will be presented pursuant to the Court's Local Rules, as modified by this Order. No case dispositive motion under Rule 56 may be filed more than ten (10)

days before the above date without leave of the Court.

(b)     <u>Concise Statement of Facts Requirement</u>. Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six (6) pages, which details each material fact which the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried. Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six (6) pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis. To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record. Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment. The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four (4) pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried. Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four (4) pages, on a paragraph-by-paragraph basis.

(c)     <u>No early motions without leave</u>. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

(d)     <u>Page limits combined with Daubert motion page limits</u>. Each party is permitted to file as many case dispositive motions as desired provided, however, that each ***SIDE*** will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages

for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a case dispositive motion, a Daubert motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and Daubert motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each **SIDE**.[2]

9.    Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

10.    Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each **SIDE** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (l) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

---

[2] The parties must work together to ensure that the Court receives no more than a *total* of 250 pages (*i.e.*, 50 + 50 + 25 regarding one side's motions, and 50 + 50 + 25 regarding the other side's motions) of briefing on all case dispositive motions and *Daubert* motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

11.     <u>Pretrial Conference</u>. On **June 10, 2020** the Court will hold a pretrial conference in Court with counsel beginning at **4:30 PM**. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) and the Court's Preferences and Procedures for Civil Cases not later than **May 8, 2020.** Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

12.     <u>Jury Instructions, Voir Dire, and Special Verdict Form</u>s. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) business days before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in Microsoft Word format, which may be submitted by e-mail to mn_civil@ded.uscourts.gov.

13.     <u>Trial</u>.  This matter is scheduled for a **seven-day trial** beginning at **9:30 a.m. on June 22, 2020**, with the subsequent trial days beginning at 9:00 a.m.  Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

14.     <u>Judgment on Verdict and Post-Trial Status Report</u>. Within seven (7) days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict. At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial

motions each party intends to file.

       15.    <u>Post-Trial Motions</u>. Unless otherwise ordered by the Court, all ***SIDES*** are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

       SO ORDERED this 3rd day of July 2019.

The Honorable Maryellen Noreika
United States District Judge

**EXHIBIT A**

**PROPOSED DEADLINES**

| Event | Current Deadline | Proposed Deadline |
| --- | --- | --- |
| Deadline to inform parties regarding advice of counsel | June 28, 2019 (D.I. 103) | Unchanged |
| Deadline to produce opinions of counsel | July 12, 2019 (D.I. 103) | Unchanged |
| Deadline to respond to contention interrogatories (per prior agreement) | June 19, 2019 | July 26, 2019 |
| Deadline for final identification of accused products/invalidity references | Not in D.I. 36 | August 8, 2019 |
| Final infringement contentions | August 8, 2019 | September 12, 2019 |
| Final invalidity contentions | August 22, 2019 | September 26, 2019 |
| Close of fact discovery | August 22, 2019 | October 4, 2019 |
| Opening expert reports | August 22, 2019 | October 24, 2019 |
| Rebuttal expert reports | September 19, 2019 | November 21, 2019 |
| Close of expert discovery | October 17, 2019 | December 18, 2019 |
| Dispositive Motions | October 22, 2019 (letter briefs seeking for leave) | January 9, 2020 (motions and opening briefs) |
| Dispositive Motions — oppositions | November 5, 2019 | January 30, 2020 |
| Dispositive Motions — replies | November 15, 2019 | February 13, 2020 |
| Pretrial Order | February 28, 2020 | May 8, 2020 |
| Pretrial Conference | March 16, 2020 (10am ET) | June 10, 2020 4:30 PM |
| Trial - 7 Day Jury | March 30, 2020 | June 22, 2020 |