**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CRANE MERCHANDISING SYSTEMS, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| | ) C.A. No. 17-1000-MN-JLH |
| v. | )<br>) |
| NEWZOOM, LLC, *et al.*, | )<br>) |
| Defendants. | ) |

**ORDER**

On October 9 and 15, 2019, the parties submitted letter briefs regarding Defendant NewZoom, LLC's ("NewZoom's") request to preclude Plaintiff Crane Merchandising Systems, Inc. ("Crane") from relying on a prior art reference that Crane first disclosed five weeks after the deadline for final supplementation of invalidity references. (D.I. 198, 202.) After reviewing the letter briefs, I issued this Oral Order on October 17, 2019:

> Having considered NewZoom's motion to preclude Crane from referring to or relying on a late-disclosed prior art reference (D.I. 187), and the associated letter briefing (D.I. 198, 202), IT IS HEREBY ORDERED that NewZoom's motion is DENIED and that the teleconference scheduled for October 18, 2019 (D.I. 195) is CANCELLED. The Court agrees with NewZoom that Crane violated the scheduling order by disclosing a new prior art reference on September 17, 2019, five weeks after the deadline to do so. (D.I. 104, para. 7.) However, the extreme sanction of excluding the reference is not appropriate under the *Pennypack* factors. [*Meyers v. Pennypack Woods Home Ownership Assoc.*, 559 F.2d 894, 904-05 (3d Cir. 1977).] The record before the Court suggests that the reference may be important to Crane's invalidity case. Allowing Crane to rely on the reference should not disrupt trial, since Crane disclosed the reference and supplemented its invalidity contentions within the fact discovery period, and the trial will not occur until June 2020. While the circumstances show a lack of diligence by Crane in discovering the reference, they do not indicate that Crane acted in bad faith or with willfulness in not disclosing the reference prior to the deadline for final supplementation of invalidity references. Though the untimely disclosure prejudices NewZoom, this prejudice can be cured in the time remaining before the close of expert discovery. Because Crane's lack of diligence did cause prejudice to

> NewZoom, the Court finds that NewZoom should receive some form of relief, such as additional and/or supplemental depositions, extended discovery deadlines and/or an award of a portion of NewZoom's expenses, including attorney's fees, associated with responding to Crane's new reference. Therefore, IT IS FURTHER ORDERED that, not later than October 22, 2019, NewZoom shall submit a proposal for its requested relief, including the timing of any additional discovery, and not later than October 25, 2019, Crane, if it so desires, shall submit its response to NewZoom's proposal.

(D.I. 206.) NewZoom submitted its letter proposal on October 22, 2019, and Crane responded on October 25, 2019. (D.I. 211, 213.) I have reviewed both letters and now ORDER as follows:

    1.    NewZoom's request to conduct a supplemental deposition of Mr. Drenten is GRANTED. Crane's final supplementation of invalidity references was due on August 8, 2019. (D.I. 104, ¶ 7.) NewZoom deposed Mr. Drenten pursuant to Rule 30(b)(6) over one month later, on September 12, 2019. During the course of preparing Mr. Drenten for his Rule 30(b)(6) deposition (in which the topics included Crane's machines), Crane learned that Mr. Drenten had knowledge about the existence of an alleged prior art device (the "ECC machine") marketed by one of Crane's predecessors. Notwithstanding the fact that the ECC machine was not then on Crane's final list of prior art, Crane did not tell NewZoom about the ECC machine—or about Mr. Drenten's personal knowledge of it—before or during the deposition. Crane then supplemented its list of prior art after the deposition (and after the deadline). Crane's failure to disclose the ECC machine to NewZoom before the deposition denied NewZoom a full and fair chance to examine Crane and Mr. Drenten about the ECC machine. Accordingly, Crane shall produce Mr. Drenten for a supplemental three-hour deposition.[1]

---

[1] NewZoom also requests the opportunity for a supplemental Rule 30(b)(6) deposition covering topics related to the ECC machine. Although not entirely clear from the parties' papers, the record suggests that Mr. Drenten remains Crane's 30(b)(6) designee for these topics. If that is not the case, in addition to producing Mr. Drenten as set forth above, Crane shall also designate a Rule 30(b)(6) witness who can testify about topics relating to the ECC machine. NewZoom shall bear its own fees and expenses in deposing such witness.

2. NewZoom's request to conduct a supplemental deposition of Mr. Hudis is GRANTED. NewZoom was already aware of Crane's reliance on the ECC machine when it deposed Mr. Hudis, a third party. But NewZoom didn't know that Mr. Hudis possessed certain information about the ECC machine that Crane intended to introduce at trial to support its invalidity case.[2] Crane's counsel learned about this information prior to Mr. Hudis's deposition, but Crane did not tell NewZoom about it before the deposition. Crane's failure to do so denied NewZoom a full and fair chance to examine Mr. Hudis about the ECC machine.[3] Accordingly, Crane shall produce Mr. Hudis for a supplemental three-hour deposition.

3. NewZoom's request for its reasonable expenses, including attorney's fees, associated with re-deposing Messrs. Drenten and Hudis is GRANTED. If a court decides not to exclude information provided in violation of the duty to supplement, Federal Rule of Civil Procedure 37(c) nevertheless allows the court to order other relief. After hearing from the offending party, the court may order the payment of reasonable expenses caused by the failure to supplement, including attorney's fees. Fed. R. Civ. P. 37(c)(1)(A); *see, e.g.*, *Astellas Pharma Inc. v. Actavis Elizabeth LLC*, No. 16-905, 2018 WL 5292546, at *2 (D. Del. Oct. 24, 2018). The supplemental depositions of Messrs. Drenten and Hudis are necessitated by Crane's failure to reasonably supplement its previous discovery responses, *i.e.*, counsel for Crane's failure to tell

---

[2] Mr. Hudis was apparently listed on Crane's Rule 26 Initial Disclosure because of his status as an inventor of one of Crane's own patents. According to NewZoom, Crane did not identify Mr. Hudis as a person having information about prior art that Crane might use to support its invalidity case.

[3] Crane suggests that NewZoom wasn't prejudiced because, after NewZoom finished its deposition questioning, counsel for Crane asked Mr. Hudis questions about the ECC machine "[t]o avoid surprising NewZoom with Mr. Hudis's testimony about this prior art at trial." (D.I. 213 at 2.) I disagree. The record before me suggests that Crane did not advise NewZoom prior to or during the deposition that Mr. Hudis had information about the ECC machine that Crane *might use to support its invalidity arguments*. Fed. R. Civ. Proc. 26(a)(1)(A)(i).

NewZoom about information in its possession prior to the original depositions. Crane should therefore bear the cost of the supplemental depositions. Within two weeks of completing the depositions, NewZoom may submit a two-page letter setting forth its fees and expenses relating to the additional depositions. Crane may file a response within three days of NewZoom's submission.

4. NewZoom's request to conduct an inspection of the "Dixie Narco" machines at Crane's facility is not opposed by Crane, and is therefore GRANTED. NewZoom's inspection shall be at its own expense.

5. NewZoom's request to propound up to two additional interrogatories and ten requests for admission is GRANTED-IN-PART. NewZoom may propound the requested additional discovery only insofar as it does not contravene any limits set forth in Judge Noreika's Scheduling Order. Such discovery shall be served within one week of this Order with responses due two weeks thereafter.

6. NewZoom's request for its expenses incurred in filing its motion to exclude is DENIED.

7. NewZoom's request to delay taking the additional depositions and conducting its inspection until after the parties complete their agreed-upon mediation (currently scheduled to be completed by November 14, 2019 (D.I. 209)) is GRANTED. Unless the parties agree otherwise, NewZoom may take the additional depositions and make its inspection within two weeks of the completion of the mediation (if the case doesn't settle).

IT IS SO ORDERED this 4th day of November, 2019.

_____
Jennifer L. Hall
UNITED STATES MAGISTRATE JUDGE