**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CRANE MERCHANDISING SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 17-1000-MN |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| NEWZOOM, LLC, BEST BUY STORES, L.P., | ) | |
| BENEFIT COSMETICS LLC and MACY'S, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS NEWZOOM, LLC, BEST BUY STORES, L.P., BENEFIT COSMETICS LLC, AND MACY'S, INC.'S REPY BRIEF IN SUPPORT OF
<u>MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
Renée M. Delcollo (#6442)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
haynes@rlf.com
delcollo@rlf.com

*Attorneys for Defendants NewZoom, LLC, Best Buy Stores, L.P., Benefit Cosmetics LLC and Macy's, Inc.*

Dated: February 3, 2021

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

    I.  *Alice* Step One: The Claims of the '068 Patent are Directed to an Abstract Idea ...............1

    II.  *Alice* Step Two:  Claims 1 and 21 Do Not Contain Any Inventive Concept that Amounts to "Significantly More" than the Abstract Idea. .................................................................5

    III. No Claim Construction Disputes Prevent Granting the Motion .........................................7

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*,
   573 U.S. 208 (2014) .................................................................................................... 1, 5, 6

*CardioNet, LLC v. InfoBionic, Inc.*,
   955 F.3d 1358 (Fed. Cir. 2020) .......................................................................................... 3

*ChargePoint, Inc. v. SemaConnect, Inc.*,
   920 F.3d 759 (Fed. Cir. 2019) ............................................................................................ 2

*Core Wireless Licensing S.A.R.L. v. LG Electronics., Inc.*,
   880 F.3d 1356 (Fed. Cir. 2018) ...................................................................................... 3, 4

*Customedia Techs., LLC v. Dish Network Corp.*,
   951 F.3d. 1359 (Fed. Cir. 2020) ......................................................................................... 2

*CyberFone Sys., LLC v. Cellco P'ship*,
   885 F. Supp. 2d 710 (D. Del. 2012), *aff'd sub nom. Cyberfone Sys., LLC v. CNN
   Interactive Grp., Inc.*, 558 F. App'x 988 (Fed. Cir. 2014) ............................................... 7

*Data Engine Techs. LLC v. Google LLC*,
   906 F.3d 999 (Fed. Cir. 2018) ............................................................................................ 6

*Elec. Power Grp., LLC v. Alstom S.A.*,
   830 F.3d 1350 (Fed. Cir. 2016) .......................................................................................... 3

*Finjan, Inc. v. Blue Coat Systems, Inc.*,
   879 F.3d 1299 (Fed. Cir. 2018) .......................................................................................... 4

*iLife Techs., Inc. v. Nintendo of Am., Inc.*,
   No. 2020-1477, 2021 WL 117027 (Fed. Cir. Jan. 13, 2021) .............................................. 3

*Jedi Techs., Inc. v. Spark Networks, Inc.*,
   C.A. No. 16-1055-GMS, 2017 WL 3315279 (D. Del. Aug. 3, 2017) ............................... 7

*Mgmt. Sci. Assocs., Inc. v. Datavant, Inc.*,
   C.A. No. 20-0502-CFC, 2020 WL 7771156 (D. Del. Dec. 30, 2020) ............................... 5

*SRI International, Inc. v. Cisco Systems, Inc.*,
   930 F.3d 1295 (Fed. Cir. 2019), *cert. denied,* 140 S. Ct. 1108 (2020) ......................... 4, 5

*Thales Visionix Inc. v. United States*,
   850 F.3d 1343 (Fed. Cir. 2017) ................................................................................. 3, 4, 5

*Visual Memory LLC v. NVIDIA Corp.*,
    867 F.3d 1253 (Fed. Cir. 2017)..................................................................................................4

The asserted claims of the '068 patent[1] are directed to the abstract idea of data collection, processing, and calculation and are invalid under well-settled Federal Circuit precedent. Indeed, while Crane places much emphasis on the fact that the patent discusses a data hierarchy, the claims do not require any specific data hierarchy and disclose no special algorithm for calculating consumer demand. Instead, the '068 patent merely purports to use standard computer technology to implement the abstract idea of data collection and processing. Importantly, throughout its Answering Brief, Crane entirely ignores the claim language, which the Federal Circuit has made clear is paramount to the patentability inquiry. Accordingly, Defendants respectfully request that the Court grant their motion (D.I. 218) and declare the '068 patent invalid.[2]

## I.     *Alice* Step One: The Claims of the '068 Patent are Directed to an Abstract Idea

As set forth in Defendants' Opening Brief (D.I. 219), the claims of the '068 patent are directed to precisely the type of abstract idea that the Federal Circuit has repeatedly found unpatentable. Each of Crane's arguments in response are without merit.

First, Crane's argument that "improvements to technological systems are patent-eligible, not abstract" is nothing but a general statement of the law. D.I. 268 at 7. Indeed, Defendants have never disputed that improvements to technological systems can be patent-eligible, but the claims of the '068 patent fall well short of the standard required to be patent-eligible. The Federal Circuit has repeatedly recognized that "it is not enough, however, to merely improve a fundamental

---

[1] In its Answering Brief, Crane agrees that claims 1 and 21 are representative (D.I. 268, n.3) and thereafter groups the claims together. Accordingly, Crane does not argue that any differences between the method claim (claim 1) and the system claim (claim 21) impact the patentability analysis.

[2] Crane's Answering Brief begins with a recitation of its unrelated motion regarding an alleged settlement agreement. Defendants do not address the merits of that motion here and will do so in accordance with the Court's instructions. However, Crane's assertion that only its motion to enforce the settlement agreement can streamline the case is incorrect. Granting this motion would likewise streamline the case, including narrowing the patents and the claim construction issues the Court needs to address.

practice or abstract process by invoking a computer merely as a tool." *Customedia Techs., LLC v. Dish Network Corp.*, 951 F.3d. 1359, 1364 (Fed. Cir. 2020). Here, claim 1 of the '068 patent does precisely that, claiming very broadly receiving data, arranging data, storing data, and calculating demand. '060 patent claim 1.

Second, Crane's citations to the specification (which are minimal at best) do not save the claims from a finding of invalidity. Notably, while Crane asserts that the "claim language, specification and relevant prosecution history confirm that the '068 patent" is directed to a specific method that improves the technology (D.I. 268 at 9), Crane's argument is entirely void of citations to the claims. As the Federal Circuit has explained, "[t]he § 101 inquiry must focus on the language of the Asserted Claims themselves, and the specification cannot be used to import details ... if those details are not claimed." *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 769 (Fed. Cir. 2019) (internal citations omitted). Crane ignores the claims and cites to portions of the specification discussing that the alleged improved system "employed a 'hierarchy of data' to monitor demand." D.I. 268 at 9 (citing '068 patent 3:6-21). However, Crane ignores language just below that stating "[a] predictive algorithm *may* be used to calculate consumer demand based on a hierarchy of inventory data and equipment operating status." '068 patent 3:29-31 (emphasis added). Moreover, while Crane highlights the hierarchy of data (*see* D.I. 268 at 4), the specification makes clear that the chart "is only one example of data hierarchy that *may* be used. . . ." '068 patent 12:27-30. The specification only emphasizes that Crane has claimed an abstract idea. Crane's complete failure to cite to the claims is fatal to its position.

Third, Crane's attempts to distinguish *Electric Power* are unavailing. As noted in Defendants' Opening Brief (D.I. 219 at 10), the claims here are similar to those found invalid in *Electric Power*. There, the Federal Circuit reaffirmed that claims drawn to mere collection and

2

analysis of data are abstract. *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1353-54 (Fed. Cir. 2016). In finding the claims invalid the Federal Circuit noted that "[t]he advance they purport to make is a process of gathering and analyzing information of a specified content, then displaying the results, and not any particular assertedly inventive technology for performing those functions." *Id.* at 1354. The same is true of the challenged claims here, which merely call for the receiving, arranging, storing, and calculating of data. '068 patent claim 1. Indeed, the Federal Circuit has again recently affirmed that it has "routinely held that claims directed to gathering and processing data are directed to an abstract idea." *iLife Techs., Inc. v. Nintendo of Am., Inc.*, No. 2020-1477, 2021 WL 117027, at *2 (Fed. Cir. Jan. 13, 2021). In *iLife*, the Federal Circuit found a patent directed to a motion detection system that evaluates relative movement of a body based on both dynamic acceleration and static acceleration was invalid because the claims were "not focused on a specific means or method to improve motion sensor systems, nor is it directed to a specific physical configuration of sensors. It merely recites a motion sensor system that evaluates movement of a body using static and dynamic acceleration information." *Id.* at *2 (distinguishing *Thales Visionix Inc. v. United States*, 850 F.3d 1343 (Fed. Cir. 2017) and *CardioNet, LLC v. InfoBionic, Inc.*, 955 F.3d 1358 (Fed. Cir. 2020)). The same is true of Crane's '068 patent; the claims provide no specific means or method or even an algorithm and therefore, are abstract.

Finally, the cases that Crane cites to argue that the '068 patent claims are directed to a specific technique to solve problems in vending machines are not analogous. In *Core Wireless Licensing S.A.R.L. v. LG Electronics., Inc.*, 880 F.3d 1356 (Fed. Cir. 2018), the Federal Circuit found that the asserted claims were directed to an improved computer interface with "a particular manner of summarizing and presenting information"—"a particular manner by which the summary window must be accessed[,]" a list with "a limited set of data … 'selectable to launch the respective

3

application[,]'" and "restrain[ts] [on] the type of data that can be displayed"—and "a requirement that the device applications exist in a particular state." *Id.* 880 F.3d at 1362-63 (citation omitted). The court noted that the claims disclosed an improved user interface for electronic devices, particularly those with small screens. *Id.* Unlike the claims in *Core Wireless*, which "disclose an improved user interface for electronic devices, *particularly those with small screens*," the '068 patent is directed to mathematical manipulation of data—not an improvement in computer functionality.

In *Finjan, Inc. v. Blue Coat Systems, Inc.*, 879 F.3d 1299, 1303 (Fed. Cir. 2018), the Federal Circuit upheld claims to "a method of providing computer security by scanning a downloadable and attaching the results of that scan to the downloadable itself in the form of a 'security profile.'" The court found that this method "employs a *new kind of file* that enables a computer security system to do things it *could not do before*" and that this was a non-abstract improvement in computer functionality. *Id.* at 1305 (emphasis added). Despite Crane's contentions, the '068 patent does not enable vending machines to "do things they could not do before." Indeed, the patent acknowledges that remote collection of data from vending machines was already in the prior art. *See* '068 patent 1:40-45, 2:11-23. For this same reasons, the claims of the '068 patent are unlike those in *Visual Memory LLC v. NVIDIA Corp.*, 867 F.3d 1253, 1255 (Fed. Cir. 2017), where the F claims were specific and limited to certain types of data to be stored. *Id.* at 1259.

Crane's heavy reliance on *SRI* and *Thales* is also misplaced. In *SRI International, Inc. v. Cisco Systems, Inc.*, 930 F.3d 1295, 1303 (Fed. Cir. 2019), *cert. denied,* 140 S. Ct. 1108 (Mem) (2020), the Federal Circuit held that the asserted patents were patent-eligible because the "'focus of the claims is on the specific asserted improvement in computer capabilities'—that is, providing a network defense system that monitors network traffic in real-time to automatically detect large-

4

scale attacks.'" There is a stark contrast between the claims in *SRI* and Crane's asserted claims. Indeed, in *SRI*, the claims recited a specific technique for improving computer network security and did not merely use a computer as a tool. Here, the '068 patent is simply directed to the abstract idea of collecting and processing data and presents no specific improvement to computer functionality.

In *Thales*, 850 F.3d at 1344, the Federal Circuit found that the asserted patent, which disclosed "an inertial tracking system for tracking the motion of an object relative to a moving reference frame," was not abstract because the claims "specif[ied] a particular configuration of inertial sensors" and "[t]he mathematical equations [were] a consequence of the arrangement of the sensors and the unconventional choice of reference frame in order to calculate position and orientation." *Id.* at 1359. Unlike *Thales*, the claims of the '068 patent are clearly directed to the abstract idea of data collection, processing, and calculation. Indeed, the mathematical manipulation of data disclosed in the '068 patent is not a mere "consequence." *See also Mgmt. Sci. Assocs., Inc. v. Datavant, Inc.*, C.A. No. 20-0502-CFC, 2020 WL 7771156, at *8 (D. Del. Dec. 30, 2020) (distinguishing *Thales*) (finding that the asserted claims covered "an algorithmic process without describing any improvement to computer operations.").

The claims, specification and Federal Circuit precedent confirm that the '068 patent is directed to the unpatenable abstract idea of data collection, processing, and calculation.

## II.     *Alice* Step Two:  Claims 1 and 21 Do Not Contain Any Inventive Concept that Amounts to "Significantly More" than the Abstract Idea.

As discussed in Defendants' Opening Brief, once it is determined that the claims are directed to an abstract idea, at step two, "we then ask, [w]hat else is there in the claims before us?" *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 217 (2014) (internal quotation marks omitted). Crane does not address many of the arguments from Defendants' Opening Brief, but

5

even more tellingly, cites to the claims only once in arguing Defendants have not met their burden under step two.

In Crane's only citation to the claims, Crane argues that the claims "expressly require 'arranging … the received first inventory level data and the received equipment operating status data *in associated levels of a data hierarchy* of reliability, quality and quantity' and calculating consumer demand '*based on* the levels of the data hierarchy.'" D.I. 268 at 17 (citing '068 patent claim 1, 21) (emphasis in original). Crane's citation fails to point to any portion of the claim that removes it from the realm of an abstract idea. It is well-established that a patentee cannot prevail on *Alice* step two by arguing that the abstract idea to which the patent is directed is itself inventive—"transformation into a patent-eligible application requires 'more than simply stat[ing] the [abstract idea] while adding the words "apply it."'" *Alice*, 573 U.S. at 220. In short, Crane cannot "merely recite the method of implementing the abstract idea itself[.]" *See Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999, 1012 (Fed. Cir. 2018).

Crane's arguments based on the specification fare no better. Crane argues that the specification "makes clear that '[t]raditional methods' for evaluating demand to establish refill and maintenance scheduled for vending machines failed to account for the relationship between both the machine's inventory and operating conditions." D.I. 268 at 18. However, Crane points to nothing in the *claims* that actually implements in a tangible way any of the abstract ideas. Moreover, Crane's citations to the specification ignore the patent's recognition that prior art machines were already capable of gathering all the data that Crane now relies upon:

> Some of the latest vending machines make it possible for vending operators to download data and information associated with sales, inventory, and equipment status at remote locations onto portable computers or transmit vending machine data and information from a remote location to a central location such as a network operations center.

6

'068 patent 1:40-45. And, to the extent Crane continues to rely upon its amorphous hierarchy, the specification makes clear that it can be *any* hierarchy. *Id.* 12:27-31. The claims, therefore, add nothing to the abstract idea and are not patentable.

### III.     No Claim Construction Disputes Prevent Granting the Motion

In a footnote, Crane argues that the Court's construction of certain disputed claim terms "could impact" the Court's resolution of this motion. D.I. 268 at n.5. However, Crane's argument is conclusory. Indeed, Crane has not identified any meaningful way in which claim construction could alter the outcome of this motion. *See CyberFone Sys., LLC v. Cellco P'ship*, 885 F. Supp. 2d 710, 715 (D. Del. 2012), *aff'd sub nom. Cyberfone Sys., LLC v. CNN Interactive Grp., Inc.*, 558 F. App'x 988 (Fed. Cir. 2014) ("while plaintiff in this case did argue that claim construction should occur prior to a § 101 analysis, plaintiff did not explain how claim construction might alter such analysis"). Having failed to identify any such dispute, there is no reason to delay entry of judgment until after claim construction. *See Jedi Techs., Inc. v. Spark Networks, Inc.*, C.A. No. 16-1055-GMS, 2017 WL 3315279, at *6 (D. Del. Aug. 3, 2017) (granting motion to dismiss after plaintiff "failed to identify any specific claims which, if scrutinized during claim construction, could impact the analysis"). Accordingly, Defendants respectfully request that this Court grant their motion and declare the '068 patent invalid.

|  |  |
|---|---|
| Dated: February 3, 2021 | */s/ Kelly E. Farnan*<br>Kelly E. Farnan (#4395)<br>Christine D. Haynes (#4697)<br>Renée M. Delcollo (#6442)<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 N. King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br>farnan@rlf.com<br>haynes@rlf.com<br>delcollo@rlf.com<br><br>*Attorneys for Defendants NewZoom, LLC, Best Buy Stores, L.P., Benefit Cosmetics LLC, and Macy's, Inc.* |

8