**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CRANE MERCHANDISING SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 17-1000-MN |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| NEWZOOM, LLC, BEST BUY STORES, L.P., BENEFIT COSMETICS LLC and MACY'S, INC., | ) | **REDACTED PUBLIC VERSION** |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSIVE LETTER BRIEF TO THE HONORABLE MARYELLEN NOREIKA IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED AND SUPPLEMENTAL COMPLAINT**

Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
Renée M. Delcollo (#6442)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
haynes@rlf.com
delcollo@rlf.com

Dated: February 26, 2021

*Attorneys for Defendants*

Dear Judge Noreika:

I write on behalf of Defendants NewZoom, LLC ("NewZoom"), Best Buy Stores, L.P. ("Best Buy"), Benefit Cosmetics LLC ("Benefit"), and Macy's, Inc. ("Macy's") (collectively, "Defendants") in response to Crane Merchandising Systems, Inc.'s ("CMS") Opening Letter Brief in Support of its Motion for Leave to File a First Amended and Supplemental Complaint ("Motion"). CMS's Motion is another step in its effort to enforce a purported settlement agreement among all of the Defendants. However, CMS cannot succeed on that claim because certain of the Defendants (Best Buy, Benefit and Macy's) did not participate in the negotiation of the March e-mail that CMS seeks to enforce and because CMS seeks to enforce the agreement against a non-party. Furthermore, CMS's arguments are also meritless to the extent it argues that because the March 12 and 13 e-mails are allegedly binding, the Court should enforce a much more extensive June 29 settlement agreement. For the reasons set forth below, Defendants respectfully request that this Court deny CMS's Motion.

Factual Background and Stage of Proceedings. Over three years ago, on July 21, 2017, CMS filed a complaint in the above-captioned action ("NewZoom Litigation") alleging, *inter alia*, that the Defendants infringed the '180 patent and '068 patent. ("Complaint," D.I. 1.) The Defendants filed answers to CMS's Complaint, and NewZoom asserted a counterclaim alleging that CMS infringed NewZoom's patent, U.S. Patent No. 6,758,370 ("the '370 patent"). (D.I. 14, 22, 24, 26.) Pursuant to the Scheduling Order (D.I. 36), the deadline to join other parties and amend the pleadings was December 20, 2018.

On July 25, 2018, CMS filed a complaint against Swyft, Inc. ("Swyft") for patent infringement in the case captioned *Crane Merchandising Systems, Inc. v. Swyft, Inc.*, C.A. No. 18-1093-MN, D.I. 1 (D. Del.) ("Swyft Litigation"). Five months later, in December 2018, CMS and Swyft stipulated to dismissal of all claims in the Swyft Litigation without prejudice. *Id.*, D.I. 20. CMS's Motion alleges that it learned of Swyft conduct that allegedly infringes CMS's patents during the August and December 2019 depositions in the NewZoom Litigation, however it made no attempts to add Swyft as a party in this matter or reopen the Swyft Litigation.[1] Motion at 2.

The only remaining fact discovery to be completed pertains to additional discovery NewZoom is permitted to take following a discovery dispute. (D.I. 215) and the parties have not conducted any expert discovery. Beginning in November 2019, the parties agreed to postpone the remaining discovery and briefing on NewZoom's 101 motion while the parties pursued mediation. (*See* D.I. 217, 224.) Ultimately, in January 2020, the parties agreed to postpone the then-scheduled June 2020 trial while the parties continued to pursue settlement. (D.I. 227.)

The parties, through counsel, made various attempts to resolve the case without success. Following discussions between in-house representatives from CMS and NewZoom, on March 12, 2020, Matthew Michael of CMS e-mailed Allen Huang of NewZoom with seven points representing "an agreement in principle." (D.I. 260, D-5.) On March 13, Allen Huang responded that they were in agreement and that he would forward it to his outside counsel to work on an

[1] By its own admission, CMS's counsel sent correspondence to Defendants regarding Swyft's alleged infringement of certain CMS patents in November 2019, three months after it found out about the alleged infringement in an August 2019 deposition. Motion at 2.

agreement. *Id.* On March 19, the parties filed a stipulation with the Court advising that the parties had reached "an agreement in principle" and needed additional time "to finalize settlement of the action" and jointly asking the Court to stay the action. (D.I. 228.) On March 26, CMS provided an initial draft of the Settlement Agreement, which included the Retail Defendants who had not been part of the negotiations. (D.I. 259, C-1.) The parties continued to negotiate various provisions, including the [REDACTED] provision that was allegedly agreed to in March. (*Id.*, C-2, C-3, C-5.)

In mid-June as the parties were still negotiating, it was becoming clear to NewZoom that its business was still suffering significantly from the pandemic and that the [REDACTED] that had been discussed would not be feasible. Accordingly, on June 26, Allen Huang reached out to Matthew Michael at CMS to advise that the [REDACTED] being discussed were not workable. (D.I. 260, D-5.) Mr. Huang's e-mail replies to an earlier e-mail from CMS where Mr. Michael recognizes a [REDACTED] with respect to the [REDACTED] and indicates that [REDACTED] *Id.* On June 29, CMS sent a proposed execution copy of the agreement that disregarded NewZoom's request with regard to the [REDACTED] (D.I. 259, C-13.) CMS indicated that it would be willing to provide some "flexibility" but would not change the language of the agreement. A true and correct copy of this correspondence is attached as Exhibit A to the Declaration of Kelly E. Farnan filed herewith. The parties continued to negotiate this point. Thereafter, on July 13, NewZoom informed CMS that Swyft would not join the agreement. (D.I. 259, C-5.) In subsequent conversations, CMS has informed NewZoom that Swyft not being part of the Settlement Agreement is a [REDACTED]

The Court held various teleconferences with the parties and ultimately referred the matter to Magistrate Judge Hall for mediation. On October 30, the parties had a mediation teleconference with Judge Hall, which was unsuccessful. The Court subsequently ordered the parties to file a joint proposed amended scheduling order to move forward with the case. On December 23, this Court held a scheduling teleconference and ordered the parties to submit revised proposals.

On December 23, CMS filed its Motion to Enforce Settlement Agreement. (D.I. 257.) On January 7, 2021, this Court issued an Amended Scheduling Order. (D.I. 266.) On January 20, 2021 and February 3, 2021, CMS and Defendants filed their respective briefing for Defendants' Motion for Judgment on the Pleadings. (D.I. 268, 269). On February 12, 2021, CMS filed its opening letter brief in support of its Motion pursuant to the Court's January 12, 2021 Oral Order. (D.I. 270.)

<u>Legal Standard.</u> For a party to amend its pleadings "after the deadline in a district court's scheduling order has passed, the 'good cause' standard of Rule 16(b)(4) of the Federal Rules of Civil Procedure applies." *Premier Comp. Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020). "Rule 16(b)(4) provides that '[a] schedule may be modified only for good cause and with the judge's consent.'" *Bayer HealthCare LLC v. Baxalta Inc.*, No. 16-cv-1122-RGA, 2019 WL 291143, at *2 (D. Del. Jan. 22, 2019). Under Rule 16, CMS must show good cause to amend, and "whether 'good cause' exists under Rule 16(b)(4) depends in part on a [party's] diligence." *Premier Comp*, 970 F.3d at 319. "A party must meet this standard before a district court considers whether the party also meets Rule 15(a)'s more liberal standard." *Id.*

Pursuant to Rule 15(a)(2), a district court has discretion in deciding whether to grant leave to amend the pleadings. *Pfizer Inc. v. Sandoz Inc.*, No. 12-654-GMS/MPT, 2013 WL 5934635, at *3 (D. Del. Nov. 4, 2013). Under Rule 15(a)(2), the court must consider: (1) whether the amendment was unduly delayed; (2) whether the amendment would cause unfair prejudice to the non-movant; (3) whether the amendment has an improper purpose; and (4) whether the amendment is futile. *Id.*

<u>CMS Fails to Meet the Standard for Good Cause.</u> CMS has made multiple attempts to justify the joinder of Swyft, however, its arguments are meritless. By CMS's own admission, it filed an infringement action against Swyft in July 2018 and voluntarily agreed to dismiss the entire case without prejudice on December 11, 2018. Meanwhile, CMS maintained its suit against the Defendants and did not seek leave to amend its Complaint by the deadline. CMS argues its delay should be excused because its purported cause of action relates to a March 2020 settlement agreement. That argument, however, misses the point. If CMS believed that Swyft needed to be a party to this action to adjudicate patent infringement claims (or settle them), it had an obligation to seek to add Swyft by the deadline in the original Scheduling Order. CMS did not do so and has not explained why it could not have done so.

CMS's Motion contends that "[d]uring August and October 2019 depositions, [CMS] learned of Swyft conduct that infringes certain CMS patents." Motion at 2. This demonstrates that CMS was not diligent in pursuing alleged infringement claims against Swyft back in August 2019. Because it is those claims that CMS says support forcing Swyft to be a party to the settlement, those claims should have been raised long before now. CMS cannot demonstrate good cause.

<u>CMS's Proposed Amendments are Futile.</u> This Court should deny the Motion because CMS's proposed amendments would be futile for three separate reasons.

***First***, CMS's proposed amendment is futile because this Court does not have jurisdiction over Swyft and CMS has not provided any authority suggesting that it can end run around this law by adding a new cause of action. "A district court has jurisdiction to enforce a settlement agreement entered into by litigants in a case pending before it." *AT & T Corp. v. Mosaica Educ., Inc.*, No. 03-1012-GMS, 2008 WL 2705422, at *2 (D. Del. July 10, 2008). "It is well established that a federal district court cannot enforce a privately negotiated settlement agreement against a non-party." *Metex Mfg. Corp. v. Manson*, No. 05-2948-HAA, 2009 WL 10729008, at *2 (D.N.J. July 9, 2009). Multiple courts have acknowledged that there is no basis to enforce a settlement agreement against a non-party. *See, e.g.*, *Castro v. Capital One Servs., LLC*, No. 8:16-cv-889-T-17TGW, 2017 WL 8809513, at *1 (M.D. Fla. June 8, 2017) ("the Court is unaware of any basis for exercising subject matter jurisdiction over what, in essence, is a breach of contract action against a non-party"); *Boyles v. Visteon Corp.*, No. 05-cv-0513-CVE-SAJ, 2007 WL 1723491, at *2 (N.D. Okla. June 13, 2007) ("While plaintiff is correct that the Court has the power to enforce a settlement agreement in a case pending before it, that does not extend the Court's authority beyond the litigants actually before the Court."). For example, in *Metex*, the plaintiff moved to enforce a settlement agreement against a non-party, the defendant's wife. 2009 WL 10729008, at *1. The wife was not a party and did not participate in the settlement negotiations, however, a central term to the settlement was the execution of a mortgage on a property owned by the wife. *Id.* at *3. After the Court ordered the parties to memorialize the settlement agreement in writing,



RLF1 24850595v.1

the wife refused to participate. *Id.* at *1. The District Court of New Jersey determined that it could not compel the wife's compliance and encouraged the parties to reach a settlement agreement with modified terms. *Id.*

CMS cannot now bypass well-settled law by amending its Complaint to add Swyft as a party to a litigation it was never a part of. *See Logan Farms, Inc. v. Cajun Provisions, Inc.*, No. 93-2845, 1993 WL 488514, at *2 (E.D. La. Nov. 19, 1993) (denying the plaintiffs' motion to reopen a case, enforce a settlement agreement, and for leave to amend the complaint to add two plaintiffs and two defendants). CMS decided back in 2018 to not pursue infringement claims against Swyft and after learning about allegedly infringing conduct in an August 2019 deposition, it chose to take no action with this Court to preserve any possible rights against Swyft. It is clear that CMS is insisting on a settlement with Swyft for the sole reason that it believes that Swyft is financially more secure than NewZoom.

***Second***, CMS seeks enforcement of a settlement agreement that even CMS acknowledges does not exist. Indeed, CMS's Motion argues that the settlement agreement [REDACTED] Motion at 4 (emphasis added). Furthermore, CMS's amendments maintain "*all*" infringement allegations and prayers for relief from the original complaint, yet also requests that the Court enforce the settlement agreement. CMS's attempt to have its cake and eat it too has rendered its amended complaint futile. Indeed, "[b]y instead electing to continue litigating the very claims that the settlement agreement allegedly resolved, [CMS] has implicitly asserted facts that render the proposed amended complaint futile." *Joao Control v. City of Yonkers*, No. 12-cv-7734 (RJS), at 2 (S.D.N.Y. Mar. 26, 2015), D.I. 170. Moreover, under the proposed settlement agreement that CMS seeks to enforce, that agreement called for [REDACTED] which CMS contends is June 29, 2020. CMS has not treated this agreement as enforceable and has no basis to ask this Court to do otherwise.

***Third***, this Court cannot enforce settlement agreements that do not meet the essential elements of a contract under Delaware law. Delaware law will govern whether or not an enforceable agreement has been entered into. The Court has previously set forth the standard as follows: "Under Delaware law[,] a contract comes into existence if a reasonable person would conclude, based on the objective manifestations of assent and the surrounding circumstances, that the parties intended to be bound by their agreement on all essential terms." *AT & T Corp.*, 2008 WL 2705422, at *3 (internal quotation marks omitted). The Court has addressed allegations similar to CMS's recently. In *Realtime Data LLC v. Kaminario, Inc.*, C.A. No. 19-350-CFC, (D. Del. Jan. 10, 2020), D.I. 35, the Court concluded that there was no meeting of the minds on the final terms of a settlement agreement in a chain of e-mails between counsel. The Court noted that plaintiff's argument that there was an enforceable agreement ignored, *inter alia*, the fact that the defendant had made a counteroffer and still had to review an exhibit to the agreement. *Id.* at 4. The Court also found it relevant that "the proposed agreement between the parties includes a signature page, confirming that the parties intended the agreement to take effect only when a written version of it was signed and dated." *Id.* at 5.

Here too, there is no enforceable agreement between CMS and the Defendants. While CMS attempts to present the March 12 and 13 e-mails as dispositive, they are not. Moreover, CMS makes an illogical leap that, because the March 12 and 13 e-mails are allegedly binding, the

Court should enforce a much more extensive June 29 settlement agreement. CMS's argument makes no sense. The Retail Defendants are not included in the March 12 and 13 e-mails and CMS provides no independent basis for seeking to enforce an agreement they played no part in negotiating. As to NewZoom and Swyft, CMS does not have any authority which suggests the June 29 agreement was ever agreed upon by the parties. CMS's failure to deal with the negotiation period between March and June is fatal to its Motion.

Conclusion. For the foregoing reasons, Defendants respectfully request that this Court deny CMS's motion.

Respectfully,

*/s/ Kelly E. Farnan*

Kelly E. Farnan (#4395)

**CERTIFICATE OF SERVICE**

I hereby certify that on February 26, 2021, true and correct copies of the foregoing document were caused to be served on the following counsel of record as indicated:

**BY ELECTRONIC MAIL**
Adam Wyatt Poff
Samantha G. Wilson
Young, Conaway, Stargatt & Taylor LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801

**BY ELECTRONIC MAIL**
Michael C. Wilson
William A. Munck
Chad J. Ray
Sarah J. Lopano
Chase A. Cobern
Munck Wilson Mandala, LLP
600 Banner Place Tower
12770 Coit Road
Dallas, TX 75251

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
farnan@rlf.com